**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **JOHN W. KELLY,** | ) | **CASE NO 4:10CV410** |
| | ) | |
| **Petitioner,** | ) | **JUDGE SARA LIOI** |
| | ) | |
| **v.** | ) | **MAGISTRATE JUDGE GREG WHITE** |
| | ) | |
| **MICHELE MILLER, WARDEN,** | ) | |
| | ) | |
| **Respondent.** | ) | **REPORT & RECOMMENDATION** |

Petitioner, John W. Kelly ("Kelly"), *pro se*, challenges the constitutionality of his sentence in the case of *State v. Kelly*, Columbiana County Court of Common Pleas Case No. CR 07-CR-73.  Kelly filed his Petition for a Writ of Habeas Corpus (Doc. No. 1) pursuant to 28 U.S.C. § 2254 on February 24, 2010.  On May 17, 2010, Kelly also filed a merit brief in support of his Petition.  (Doc. No. 4.)  On July 22, 2010, Warden Michele Miller ("Respondent") filed her Answer/Return of Writ.  (Doc. No. 6.)  Kelly filed a reply on September 27, 2010.  (Doc. No. 7.)  This matter is before the Court pursuant to Local Rule 72.2.  For reasons set forth in detail below, it is recommended that Kelly's Petition be denied.

## I.  Procedural History

### A.  Conviction

On March 2, 2007, a Columbiana County Grand Jury indicted Kelly with one count of driving under the influence ("DUI").  Due to Kelly's prior record, the applicable penalty was elevated to a felony of the third degree carrying a prison term of one, two, three, four or  five years.  (Doc. No. 6-1 at 1.)  Subsequently, Kelly entered into a plea agreement in which the State

agreed to recommend a three-year sentence.[1]  (Doc. No. 6-2 at 9-10.)  The court scheduled the matter for sentencing on October 2, 2007.  (Doc. No. 6-1 at 59.)  In September, 2007, however, Kelly was arrested for another DUI offense.  (Doc. No. 6-1 at 13, Case No. 07CR278.)  At the sentencing for the instant offense, the prosecutor, as required by the plea agreement, recommended a three-year prison term.  (Doc. No. 6-3 at 3-4.)  The prosecutor also mentioned the September, 2007, DUI arrest and referred to Kelly's prior record, contained in the presentence investigation report.  (Doc. No. 6-3 at 3-4.)  The court sentenced Kelly to the maximum five-year prison term, and suspended his driver's license for life.  (Doc. No. 6-1 at 18-20.)

### B.  Post-Sentence Motion

On March 20, 2008, Kelly, *pro se*, filed a "motion for change of plea and sentence, *nunc pro tunc*" in Columbiana County Common Pleas Court arguing that the court overlooked his signed plea agreement, causing a "broken plea."  (Doc. No. 6-1 at 21-22.)  On March 31, 2008, the court denied the motion finding Kelly's plea was knowingly and voluntarily made.  (Doc. No. 6-1 at 23-25.)

### C.  Delayed Direct Appeal

On June 3, 2008, the Seventh District Court of Appeals ("state appellate court") allowed Kelly's delayed appeal of his sentence.  (Doc. No. 6-1 at 30-32; 39-40.)  On July 14, 2008, Kelly, *pro se*, filed his brief setting forth two assignments of error:

1. The State of Ohio breached its plea agreement and specific performance is warranted.  ISSUE: Whether State breaches plea agreement where it provides information that the trial court could only use to increase jointly-recommended prison term of three years?

2. The trial court abused its discretion and denied due process and equal protection of the law in imposing 5 year prison term.  ISSUE: Whether trial court's attitude was unreasonable or arbitrational where it proceeded to a prison term based upon unindicted conduct after conviction.

(Doc. No. 6-1 at 41-46.)  On March 5, 2009, Kelly's sentence was affirmed.  (Doc. No. 6-1 at

---

[1]The record does not contain a copy of the plea agreement.  However, the transcript from the Change of Plea hearing (Doc. No 6-2), the Judicial Advice to the Defendant, and his written response are before the Court.  (Doc. No. 6-1 at 3-10.)

55-61.)

On March 30, 2009, Kelly, *pro se*, filed a timely notice of appeal to the Ohio Supreme

Court setting out the following propositions of law:

1. When a plea rests in any significant degree on a promise or agreement of the prosecution, so that it can be said to be part of inducement or consideration, such promise must be fulfilled without resort to capricious tactics. *Santobello v. New York*, 404 U.S. 257, 262 (1971).

2. The Due Process Clause of the Fourteenth Amendment proscribes against increased sentences that are motivated by vindictive retaliation by the trial court, as such must be rebutted by evidence affirmatively appearing on the record. *N. Carolina v. Pearce*, 395 U.S. 711 (1969).

(Doc. No. 6-1 at 62-68.) On July 20, 2009, the Ohio Supreme Court dismissed the appeal as not

involving any substantial constitutional question. (Doc. No. 6-1 at 85.)

**D. Motion for Judicial Release**

In the interim, on May 5, 2009, Kelly, *pro se*, filed a motion for judicial release in the

state appellate court, which was denied. (Doc. No. 6-1 at 86-87; 88.)

**E. Federal Habeas Petition**

Kelly's habeas petition raises two grounds for relief:

**Ground One**: The trial court breached its plea agreement with petitioner and sentenced petitioner in absence of a valid agreement violating petitioner's due process rights.

**Supporting Facts**: Petitioner entered into a plea agreement with the State of Ohio that formed the basis of his plea. The agreement called for a recommendation of a 3-year sentence by the State and presumed that the State was obliged not only to recommend, but support its recommendation which it did not do. The State overtly undermined the plea agreement by stating its terms and subsequently undermining its validity which gave the trial court a justification upon which to sentence the petitioner outside of the agreed sentence. The Petitioner relied upon the 3-year recommendation by the State when entering into the plea agreement and when the State essentially abandoned that recommendation the basis upon which the agreement was entered into violated the agreement

.

**Ground Two**: Trial court denied Petitioner due process and equal protection of law by subsequently imposing a maximum 5-year term.

**Supporting Facts**: Trial court, after plea agreement was made, improperly failed to consider appropriate and relevant sentencing factors and further did improperly consider inappropriate and unproven averments to justify imposing a maximum sentence on the Petitioner.

(Doc. No. 1 at 5, 7.) Respondent contends that Ground One is procedurally defaulted and

3

Ground Two is meritless.[2]

## II.  Procedural Default Analysis

### A.  Exhaustion

Petitioners must exhaust their state remedies prior to raising claims in federal habeas corpus proceedings.  *See* 28 U.S.C. § 2254(b),(c).  This requirement is satisfied "when the highest court in the state in which the petitioner was convicted has been given a full and fair opportunity to rule on the petitioner's claims."  *Manning v. Alexander*, 912 F.2d 878, 881 (6th Cir. 1990).  However, if relief is no longer available in state court, exhaustion can be rendered moot: "If no remedy exists, and the substance of a claim has not been presented to the state courts, no exhaustion problem exists; rather, it is a problem of determining whether cause and prejudice exist to excuse the failure to present the claim in the state courts."  *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994); *see Buell v. Mitchell*, 274 F.3d 347, 349 (6th Cir. 2001).

### B.  Procedural Default

Federal courts will not consider the merits of procedurally defaulted claims, unless the petitioner demonstrates cause for the default and prejudice resulting therefrom, or that failing to review the claim would result in a fundamental miscarriage of justice.  *Lundgren v. Mitchell*, 440 F.3d 754, 763 (6th Cir. 2006) (*citing Wainwright v. Sykes*, 433 U.S. 72, 87, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977)).  A claim may become procedurally defaulted in two ways.  *Id*.  First, a petitioner may procedurally default a claim by failing to comply with state procedural rules in presenting his claim to the appropriate state court.  *Id.*; *see also Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986). If, due to the petitioner's failure to comply with the procedural rule, the state

---

[2]Respondent argues that Kelly's factual predicate for Ground One is false, as it was not the trial court who entered into a plea agreement with him, but the State.  (Doc. No. 6 at 7.)  In Kelly's reply brief, he asks the Court to allow him to amend Ground One of his Petition to provide:  "The **State** breached its plea agreement . . . ," instead of the "Court."  (Doc. No. 7-1 at 1.)  As Kelly is proceeding *pro se*, "'his pleadings are held to a less stringent standard than those prepared by an attorney' and are liberally construed in his favor."  *Humphreys v. United States*, 238 Fed. Appx. 134, 138 (6th Cir. 2007)(*quoting Fazzini v. Northeast Ohio Corr. Ctr*., 473 F.3d 229, 231 (6th Cir. 2006)).  The Court, therefore, allows Kelly to modify his Petition as requested.

court declines to reach the merits of the issue, and the state procedural rule is an independent and adequate grounds for precluding relief, the claim is procedurally defaulted.  *Id.*

Second, a petitioner may procedurally default a claim by failing to raise a claim in state court and pursue that claim through the state's "ordinary appellate review procedures." *O'Sullivan v. Boerckel*, 526 U.S. 838, 848-7, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999).  If, at the time of the federal habeas petition, state law no longer allows the petitioner to raise the claim, the claim is procedurally defaulted. *Engle v. Isaac*, 456 U.S. 107, 125 n. 28 (1982); *see also Coleman v. Thompson*, 501 U.S. 722, 731-2 (1991).  This second type of procedural default is often confused with exhaustion. Exhaustion and procedural default, however, are distinct concepts.  AEDPA's exhaustion requirement only "refers to remedies still available at the time of the federal petition." *Engle*, 456 U.S. at 125 n. 28, 102 S.Ct. 1558.  Where state court remedies are no longer available to a petitioner because he failed to use them within the required time period, procedural default and not exhaustion bars federal court review.  *Id*.  In Ohio, a petitioner is not entitled to raise claims in post-conviction proceedings where those claims could have been raised on direct appeal.  *Id.*  Thus, if an Ohio petitioner failed to raise a claim on direct appeal, which could have been raised, the claim is procedurally defaulted.  *Id*.

A claim is adequately raised on direct appeal if it was "fairly presented" to the state court. To fairly present a claim to a state court a petitioner must assert both the legal and factual basis for his or her claim.  *McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000).  Accordingly, a "petitioner must present his claim to the state courts as a federal constitutional issue--not merely as an issue arising under state law."  *Koontz v. Glossa*, 731 F.2d 365, 368 (6th Cir. 1984).  A petitioner can take four actions in his brief which are significant to the determination as to whether a claim has been fairly presented as a federal constitutional claim:  "(1) reliance upon federal cases employing constitutional analysis; (2) reliance upon state cases employing federal constitutional analysis; (3) phrasing the claim in terms of constitutional law or in terms sufficiently particular to allege a denial of a specific constitutional right; or (4) alleging facts well within the mainstream of constitutional law."  *Newton v. Million*, 349 F.3d 873, 877 (6th Cir. 2003).

Finally, a petitioner's procedural default may be excused upon a showing of "cause" for the procedural default and "actual prejudice" from the alleged error. *Maupin*, 785 F.2d at 138-39. "Demonstrating cause requires showing that an 'objective factor external to the defense impeded counsel's efforts to comply' with the state procedural rule." *Franklin v. Anderson*, 434 F.3d 412, 417 (6th Cir. 2006), *quoting Murray v. Carrier*, 477 U.S. 478, 488 (1986).  Meanwhile, "[d]emonstrating prejudice requires showing that the trial was infected with constitutional error." *Id*.  Where there is strong evidence of a petitioner's guilt and the evidence supporting petitioner's claim is weak, the actual prejudice requirement is not satisfied. *See United States v. Frady*, 456 U.S. 152, 172 (1982).

### C. Application

In Kelly's first ground for relief, he argues that the agreement he relied upon in reaching his decision to plead guilty was breached when the Court sentenced him to a five-year prison term.  (Doc. No. 1 at 5.)  Respondent contends that this claim is procedurally defaulted.

When Kelly raised this issue to the state appellate court, it was brought as a state law claim.  In its decision, the court analyzed the procedural issue without applying any federal constitutional law.  The state appellate court concluded there was no breach:

{¶9} Here appellant points to the prosecutor's statement to the court at the sentencing hearing where the prosecutor stated that the state recommended three years and also noted that appellant had recently been arrested for another DUI. Appellant contends that the state must be required to "specifically perform" its end of the plea agreement.

{¶10} The State did uphold its end of the plea agreement.  The plea agreement contained one term for appellant: Plead guilty to a violation of R.C. 4511.19(A)(1)(a).  The agreement further contained three terms for the state: (1) recommend a three-year term of incarceration; (2) oppose community control sanctions; and (3) if community control is imposed, recommend that it be imposed by EOCC.  It also provided that appellant understood that a prison term was mandatory in this case.

{¶11} At the change of plea hearing, the state indicated to the court that in exchange for appellant's plea, it would recommend a three-year sentence.  (Plea Tr. 9-10.)  And at the sentencing hearing, the state stood by its recommendation. Specifically, the prosecutor stated: "Your Honor, the State has, by way of a Felony Plea Agreement on June 27th recommended three years incarceration for this offense."  (Sentencing Tr. 3-4.)

{¶12} The prosecutor then addressed appellant's prior record: "The Defendant's prior criminal record speaks for itself, as well as the fact that the Defendant, as

6

the Court I believe is aware, previously – or recently has been arrested for another OVI offense, and I presume a twenty-second or twenty-third driving under suspension offense." (Sentencing Tr. 4.)

{¶13} Appellant contends that because the state brought up his prior record and recent arrest, it did not comply with the plea agreement. However, nothing in the plea agreement precluded the state from placing appellant's prior record or recent arrest before the court. What is important is that the state complied with the plea agreement. It clearly stated that per the agreement, it was recommending a three-year sentence. As such, the state did not renege on the plea agreement as appellant suggests. Thus, appellant's claim that the state did not "specifically perform" is unfounded.

{¶14} Furthermore, the trial court was already aware of appellant's most recent DUI arrest. The court stated in its judgment entry denying appellant's motion to withdraw his plea that this information was contained in appellant's PSI report. Thus, even if the prosecutor had not brought this information to the court's attention, the court would have nonetheless considered it in rendering its sentence.

*State v. Kelly*, 2009 WL 582740, **1-3 (Ohio App. Dist., Mar. 5, 2009); (Doc. No. 6-1 at 58-59.)

Subsequently, when Kelly raised the issue to the Ohio Supreme Court, he brought it as a federal constitutional issue by citing to *Santobello*. However, that appeal was summarily dismissed as not involving any substantial constitutional question. Therefore, no state court has addressed the federal constitutional issue that Kelly raises in the instant Petition. Since Ohio law would prohibit him from raising this issue now, it is procedurally defaulted. *See Engle*, 456 U.S. at 125, n.28; *Collins v. Perini*, 594 F.2d 592 (6th Cir. 1979) (petitioner cannot file a delayed appeal following a timely direct appeal; an Ohio post-conviction remedy is not available if a claim could have been raised at trial or on direct appeal). Accordingly, the Court finds Ground One to be procedurally defaulted. Going further, since there was no breach of the plea agreement, as the Court sets out in its analysis on page ten below, Ground One is also meritless.

### III. Review on the Merits

This case is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254. *See Lindh v. Murphy*, 521 U.S. 320, 326-27, 337 (1997). The relevant provisions of AEDPA state:

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–

(1) resulted in a decision that was contrary to, or involved an unreasonable

application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

Clearly established federal law is to be determined by the holdings of the United States Supreme Court. *See Williams v. Taylor*, 529 U.S. 362, 412 (2000); *Ruimveld v. Birkett*, 404 F.3d 1006, 1010 (6th Cir. 2005). However, an explicit statement by the Supreme Court is not mandatory; rather, "the legal principles and standards flowing from [Supreme Court] precedent" also qualify as "clearly established law." *Ruimveld*, 404 F.3d at 1010, *quoting Taylor v. Withrow*, 288 F.3d 846, 852 (6th Cir. 2002).

A state court's decision is contrary to clearly established federal law "if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." *Id.* at 413. By contrast, a state court's decision involves an unreasonable application of clearly established federal law "if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* However, a federal district court may not find a state court's decision unreasonable "simply because that court concludes in its independent judgment that the relevant state court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 411. Rather, a federal district court must determine whether the state court's decision constituted an objectively unreasonable application of federal law. *Id.* at 410-12. "This standard generally requires that federal courts defer to state-court decisions." *Strickland v. Pitcher*, 162 Fed. Appx. 511, 516 (6th Cir. 2006), *citing Herbert v. Billy*, 160 F.3d 1131, 1135 (6th Cir. 1998).

In Ground Two, Kelly argues that he was denied due process and equal protection of the law when he was sentenced to the maximum five-year prison term, instead of the state recommended time of three-years as set forth in the plea agreement. (Doc. No. 1 at 7.) He contends that the trial court improperly considered information from the presentence report

regarding a September 2, 2007, DUI arrest.  *Id*.  Respondent avers that the state appellate court's adjudication was neither unreasonable nor contrary to federal Constitutional law.  (Doc. No. 6 at 14.)

The United States Supreme Court has ruled that a guilty plea which is made voluntarily, knowingly, and intelligently is constitutionally valid.  *DeSmyther v. Bouchard*, 108 Fed. Appx. 364, 366 (6ᵗʰ Cir. 2004), *cert. denied* 544 U.S. 921, 125 S.Ct. 1642 (2005) (*citing Brady v. United States*, 397 U.S. 742, 90 S.Ct. 1463 (1970)).  Voluntariness is determined by considering all the relevant circumstances surrounding the plea.  *Brady v. United States*, 397 U.S. 742, 749, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970).  The State has the burden of showing that a petitioner's guilty plea was voluntary, intelligent and knowing, and generally satisfies this burden by producing a transcript of the plea hearing.  *Stumpf v.Mitchell*, 367 F.3d 594, 600 (6th Cir. 2004), *vacated in part on other grounds*, *Bradshaw v. Stumpf*, 125 U.S. 175 (2005).  A state court finding that a plea was proper is accorded a presumption of correctness, unless the transcript is inadequate to demonstrate that the plea was voluntary, intelligent and knowing.  *Id.*

Moreover, a court may reject a plea in its exercise of sound judicial discretion.  *Santobello v. New York*, 404 U.S. 257, 262, 92 S.Ct. 495 (1971).  "A plea bargain standing alone is without constitutional significance."  *Hall v. Luebbers*, 341 F.3d 706, 716 (8ᵗʰ Cir. 2003), *cert. denied*, 541 U.S. 996, 124 S.Ct. 2031 (2004) (*quoting Mabry v. Johnson*, 467 U.S. 504, 507-508, 104 S.Ct. 2543 (1984)).  Acceptance of a plea agreement, therefore, is the prerogative of the court.  *See, e.g., United States v. Crumpton*, 1994 WL 233592, *1 (6ᵗʰ Cir. 1994).

Regarding habeas review of state plea bargains, the Sixth Circuit has stated:

> [A] federal court reviewing a state court plea bargain may only set aside a guilty plea or plea agreement which fails to satisfy due process . . . .  If a defendant understands the charges against him, understands the consequences of a guilty plea, and voluntarily chooses to plead guilty, without being coerced to do so, the guilty plea . . . will be upheld on federal review.

*DeSmyther*, 108 Fed. Appx. at 366 (*quoting Frank v. Blackburn*, 646 F.2d 873, 882 (5ᵗʰ Cir. 1980), *cert. denied*, 454 U.S. 840, 102 S.Ct. 148 (1981)).

Finally, neither the Supreme Court nor any federal appellate court has recognized a federal due process right to full disclosure of all information used by a trial judge in determining

9

a defendant's sentence.  *See Stewart v. Erwin*, 503 F.3d 488, 495-98 (6th Cir. 2007) (and cases cited therein).  Due process concerns are implicated, however, when a sentencing judge relies on "materially false or unreliable information in sentencing a defendant," which the defendant has not been afforded the opportunity to rebut.  *Id*. at 495 (and cases cited therein) (*quoting United States v. Taylor*, 768 F.2d 114, 121 (6th Cir.1985)).

In spite of Kelly amending his Petition to indicate that under Ground One it was the State of Ohio that breached the plea agreement rather than the Court, it appears that the foundation for his argument under Ground Two is that the court was also in agreement with a three year sentence at the time of his plea.  The record indicates otherwise.  In the instant case, the state appellate court reviewed Kelly's arguments and concluded that there was neither a breach of the plea agreement nor a due process or equal protection violation associated with the sentence:

> {¶11} At the change of plea hearing, the state indicated to the court that in exchange for appellant's plea, it would recommend a three-year sentence.  (Plea Tr. 9-10.)  And at the sentencing hearing, the state stood by its recommendation. Specifically, the prosecutor stated: "Your Honor, the State has, by way of a Felony Plea Agreement on June 27th recommended three years incarceration for this offense."  (Sentencing Tr. 3-4.)
>
> {¶12} The prosecutor then addressed appellant's prior record: "The Defendant's criminal record speaks for itself, as well as the fact that the Defendant, as the Court I believe is aware, previously – or recently has been arrested for another OVI offense, and I presume a twenty-second or twenty-third driving under suspension offense."  (Sentencing Tr. 4.)
>
> {¶13} Appellant contends that because the state brought up his prior record and recent arrest, it did not comply with the plea agreement.  However, nothing in the plea agreement precluded the state from placing appellant's prior record or recent arrest before the court.  What is important is that the state complied with the plea agreement.  It clearly stated that per the agreement, it was recommending a three-year sentence.  As such, the state did not renege on the plea agreement as appellant suggests.  Thus, appellant's claim that the state did not "specifically perform" is unfounded.
>
> {¶14} Furthermore, the trial court was already aware of appellant's most recent DUI arrest.  The court stated in its judgment entry denying appellant's motion to withdraw his plea that this information was contained in appellant's PSI report. Thus, even if the prosecutor had not brought this information to the court's attention, the court would have nonetheless considered it in rendering its sentence.
>
> * * *
>
> {¶ 18} Appellant argues here that the trial court acted unreasonably and

10

arbitrarily in imposing a five-year sentence instead of a three-year sentence. Appellant contends that a three-year sentence was "promised" and that by imposing a greater sentence the trial court denied him due process and equal protection of the law.

{¶ 19} Our review of felony sentences is now a limited, two-fold approach, as outlined by the recent plurality opinion in *State v. Kalish*, 120 Ohio St.3d 23, 896 N.E.2d 124, 2008-Ohio-4912, at ¶ 26. First, we must "examine the sentencing court's compliance with all applicable rules and statutes in imposing the sentence to determine whether the sentence is clearly and convincingly contrary to law." *Id*. (O'Connor, J., plurality opinion). In examining "all applicable rules and statutes," the sentencing court must consider R.C. 2929.11 and R.C. 2929.12. *Id.* at ¶ 13-14 (O'Connor, J., plurality opinion). If the sentence is clearly and convincingly not contrary to law, the court's exercise of discretion "in selecting a sentence within the permissible statutory range is subject to review for any abuse of discretion." *Id*. at ¶ 17, 896 N.E.2d 124 (O'Connor, J., plurality opinion). Thus, we apply an abuse of discretion standard to determine whether the sentence satisfies R.C. 2929.11 and R.C. 2929.12. *Id*. at ¶ 17, 896 N.E.2d 124 (O'Connor, J., plurality opinion).

{¶ 20} Before accepting appellant's plea, the court engaged in a lengthy colloquy with him. Part of that colloquy involved the issue of the plea agreement. The following excerpt is relevant:

> {¶ 21} "THE COURT: Now do you understand I'm not party to this agreement, and do not have to follow any recommendations contained in it? In other words, I can sentence you to more time, or I can sentence you to less time?

> {¶ 22} "MR. KELLY: I understand that." (Plea Tr. 15).

> {¶ 23} Additionally, the court discussed the possible penalties appellant faced with him:

> {¶ 24} "THE COURT: * * * The law requires that I sentence you to at least twelve months in prison, and you can be sentenced up to five years in prison; do you understand that?

> {¶ 25} "MR. KELLY: Yes." (Plea Tr. 16-17).

{¶ 26} Additionally, appellant informed the court that no promises or threats were made that induced him to plead guilty. (Plea Tr. 15).

{¶ 27} And in the Judicial Advice to Defendant, which appellant read, went over with his counsel, and signed, he indicated that he understood that he faced a maximum penalty of five years in prison. (Plea Tr. 15).

{¶ 28} Thus, the court made abundantly clear to appellant that it was not bound by the state's recommendation of a three-year prison sentence. It plainly informed appellant that it could sentence him anywhere from 12 months to five years in prison. Appellant cannot point to any way in which the court violated his equal protection or due process rights in choosing to impose a five-year sentence.

{¶ 29} Courts are not bound by the state's recommendation in sentencing, even when the recommended sentence induces the defendant to plead guilty to an

11

offense. *State v. Martinez*, 7th Dist. No. 03-MA-196, 2004-Ohio-6806, ¶ 8, citing *State v. Buchanan*, 154 Ohio App.3d 250, 253, 796 N.E.2d 1003, 2003-Ohio-4772, *State v. Mayle*, 11th Dist. No.2002-A-0110, 2004-Ohio-2203, *State v. Tucci*, 7th Dist. No. 01 CA234, 2002-Ohio-6903. Thus, the fact that the state recommended a three-year sentence in this case by no means obligated the trial court to impose this sentence.

{¶ 30} Furthermore, the trial court imposed a sentence that was within the statutory range for appellant's third-degree felony conviction. The possible sentences for a third-degree felony are one, two, three, four, or five years. R.C. 2929.14(A)(3). In this case, the court sentenced appellant to five years.

{¶ 31} Thus, the trial court complied with the applicable sentencing rules and did not abuse its discretion in selecting a sentence for appellant that deviated upward from the prosecutor's recommendation. Accordingly, appellant's second assignment of error is without merit.

*State v. Kelly*, 2009 WL 582740, **2-4 (Ohio App. Dist., Mar. 5, 2009); (Doc. No. 6-1 at 59-61.)

Here, the record is clear that Kelly acknowledged understanding that the court alone would impose the sentence, and that by pleading guilty, Kelly could receive the maximum sentence permitted, regardless of what the prosecutor might recommend. (Doc. No. 6-1 at 3-10.) The prosecution then discharged its obligation to Kelly under *Santobello* by making the sentencing recommendation it agreed to make, and the trial court acted in conformity with its powers under state law, as fully explained in advance to Kelly, by imposing a five-year sentence. Nothing in the record supports Kelly's claim that the prosecutor essentially abandoned the plea agreement by mentioning the recent arrest and the prior record. Kelly's hope that the trial judge would agree to the prosecutor's recommended sentence did not convert that recommendation into a promise at the time of his plea, nor does it now create a viable constitutional claim in this Court.

Kelly argues that *Santobello*, 404 U.S. 257, is instructive. In *Santobello,* the prosecution violated the plea agreement by recommending the maximum sentence when it previously promised, in plea negotiations, to not make a recommendation on sentencing. The Supreme Court remanded and held that the state had to keep its commitment. *Santobello*, however, is distinguishable from the instant case as the State here kept its promise and recommended a three-year sentence to the trial court.

12

Kelly also appears to argue that the trial court was vindictive in sentencing him to the maximum prison term.  Kelly did not raise this argument in the state appellate court and, therefore, is prohibited from doing so here.  Moreover, in order to demonstrate constitutional vindictiveness, a defendant must "affirmatively prove actual vindictiveness" on the basis of the record.  *Wasman v. United States*, 468 U.S. 559, 569 (1984).  Kelly has neither raised such an argument nor set forth any facts demonstrating actual vindictive conduct by the court.

Kelly has not established that the state court decision regarding his sentencing, in relationship with the plea bargain, was contrary to, or involved an unreasonable application of clearly established federal law.  The Court, therefore, recommends the Petition be denied.

### IV.  Conclusion

For the foregoing reasons, the Court recommends that Kelly's Petition be denied.


    s/ Greg White
    United States Magistrate Judge

Date:   January 7, 2011


### OBJECTIONS

**Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days after being served with a copy of this Report and Recommendation.  *See* 28 U.S.C. § 636(b)(1)(C).  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).**

13